# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

:

    Plaintiff,

Case No. 1:08-cr-005
Also Case No. 1:10-cv-448

:

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

   -vs-

BRIAN LEWIS,

:

    Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion (Doc. No. 37) pursuant to 28 U.S.C. § 2255(f)(4) (Doc. No. 36). Defendant bases his claim on *United States v. Belwett,* ___ F.3d ___, 2013 U.S. App. LEXIS 9889 (6th Cir. May 17, 2013), in which a majority of a three-judge panel of the court held that the Fair Sentencing Act of 2010 (Pub. L. 111-220, 124 Stat. 2372) must be construed to apply to persons sentenced for crack cocaine offenses before it was adopted in order to avoid doubt as to its constitutionality.

Lewis filed a prior Motion to vacate under 28 U.S.C. § 2255 in 2010 (Doc. No. 25). At that time, the case was referred to the undersigned to consider post-judgment motions (Doc. No. 27). On the Magistrate Judge's recommendation, Chief Judge Dlott denied that § 2255 Motion with prejudice on March 10, 2011, on grounds it was untimely and failed to state a claim upon which relief could be granted. *Id.* at PageID 95. Lewis took no appeal and nothing further has happened in this case until his filing of the instant Motion on June 7, 2013.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules

1

Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Upon initial review, the Magistrate Judge concludes this second § 2255 Motion is also barred by the statute of limitations. Even if it were not, Lewis would require permission from the Court of Appeals before proceeding, because this is a second § 2255 motion.

Section 905 of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") amended 28 U.S.C. §2255 to add the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because judgment in this case became final on November 4, 2008, the statute of limitations expired on November 5, 2009, unless some other date applies to start the running of the statute, since Lewis did not file this Motion until June 7, 2013.

Lewis relies on *Blewett, supra,* to bring his case within 28 U.S.C. § 2255(f)(4). That is, he acknowledges that *Blewett* made a change in the law and he discovered the fact of that change virtually as soon as it happened (Motion, Doc. No. 37, PageID 107). Lewis plainly was diligent in learning of the fact of the *Blewett* decision and filed the instant Motion within a month of his discovery of the decision.

*Blewett* did not come to the Court of Appeals on denial of a § 2255 motion and thus there was no discussion in the opinion of the statute of limitations for a § 2255 Motion.[1] The decision also does not address timeliness of the Blewetts' motions and § 3582(c)(2) does not on its face have a time limit. *Blewett* does not stand for the proposition that a change in the law causes the reopening of the statute of limitations for a § 2255 motion as to which the statute has already expired.

Section 2255(f)(3) obviously has no application here since it applies only when the United States Supreme Court, not a circuit court of appeals, recognizes a new right and expressly makes it applicable on collateral review. Lewis does not rely on § 2255(f)(3), apparently recognizing that it does not apply.

However, the adoption of (f)(3) and (f)(4) in the same statute, the AEDPA, strongly suggests that Congress did not intend to make discovery of new circuit court opinions the sort of factual discovery encompassed by (f)(4). As parts of the same statute, these two clauses should be interpreted together. *Morales v. TWA, Inc.,* 504 U.S. 374 (1992); *TWA, Inc., v. Independent Federation of Flight Attendants*, 489 U.S. 426 (1989*); Communications Workers of America v. Beck*, 487 U.S. 735(1988); *Wimberly v. Labor and Industrial Relations Commission of Missouri,* 479 U.S. 511 (1987). It would make no sense of the statute to explicitly limit the retroactive

---

[1] According to the Government's Petition for Rehearing En Banc, the Blewetts had moved to reduce their sentences under 18 U.S.C. § 3582(c)(2)(6th Cir. Case No. 12-5226, Doc. No. 006111708324, PageID 10.)

effect of Supreme Court decisions to situations where that Court explicitly decided the retroactivity question and then leave the retroactive application of circuit court decisions to implication. Instead, the Magistrate Judge concludes that only rights newly-recognized by the Supreme Court and made retroactive by that Court will reopen the statute of limitations. Because the retroactive application of the Fair Sentencing Act to persons sentenced before its effective date has not been recognized by the Supreme Court, it does not apply here to revive Lewis's time to file.

Aside from being barred by the statute of limitations, Lewis's Motion is also barred by his failure to obtain permission to file it from the Court of Appeals. 28 U.S.C. § 2255(h) provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

So far as the record shows, Lewis has neither applied for nor received the appropriate certificate from a panel of the Sixth Circuit.

**Conclusion**

A district court lacks jurisdiction to consider a second or successive habeas corpus

4

petition under 28 U.S.C. § 2254 without approval by the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007). Assuming this principle also applies to § 2255 cases, Lewis's instant Motion should be dismissed without prejudice for lack of jurisdiction. If the Court had jurisdiction, it would be obliged to dismiss that Motion as barred by the statute of limitations.

June 13, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).